865 F.2d 1260
 27 Fed. R. Evid. Serv. 456
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bernard CRIST, a/k/a Wilbur, Defendant-Appellant.
 No. 88-5047.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 4, 1988.
Decided: Jan. 4, 1989.
 
 Stephen Jon Cribari, Deputy Federal Public Defender (Fred Warren Bennett, Federal Public Defender, Stephanie J. Batcheller, Assistant Federal Public Defender, on brief), for appellant.
 Beth Perovich Gesner, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney, on brief), for appellee.
 Before HARRISON L. WINTER, Chief Judge, and WIDENER and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 A jury convicted Bernard Crist of conspiracy and distribution of cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and 846, and he appeals. He argues that the district court should have suppressed evidence seized during a search of his residence because the search was executed under an invalid search warrant. He also contends that the district court should have excluded evidence of certain statements he made to a Federal Drug Enforcement Administration ("DEA") agent under Fed.R.Evid. 410(4), which bars the introduction of statements made to a prosecuting attorney during the course of plea discussions. We affirm.
 
 I.
 
 2
 On June 6, 1986, DEA agents obtained a warrant to search Crist's residence. The warrant was issued on the basis of information contained in an affidavit signed by DEA agent Douglas Biales. The affidavit indicated that on June 6, police executed a search warrant at the residence of Jules Wilfong, where they found cocaine and other illegal drugs. Wilfong told Agent Biales, who was present at the search, that he had obtained the cocaine from "Wilbur," who lived in the 400 block of North Streeper Street in Baltimore. Wilfong did not know the number of the house in which "Wilbur" resided, but he said he could point it out; he also had "Wilbur's" telephone number. Two days earlier, Wilfong said, he had gone to "Wilbur's" residence and obtained one ounce of high grade cocaine, which he transported to the residence of his associate Gary Sowers. Wilfong said that he had observed a great deal of cocaine at "Wilbur's"; indeed, "Wilbur" had told him in his earlier call that he had as much cocaine as Wilfong needed.
 
 
 3
 Agent Biales instructed Wilfong to contact Sowers by beeper. When Sowers telephoned Wilfong in response, Agent Biales recorded the call. During the conversation, Sowers told Wilfong that he still had the cocaine that Wilfong had left with him. Agent Biales then obtained from C & P Telephone Company's Security Unit the address corresponding to the phone number that Wilfong had indicated belonged to "Wilbur." The number was listed to Crist at 422 North Streeper Street.
 
 
 4
 DEA agents executed the search warrant at Crist's residence on the evening of June 6. The agents seized various drug paraphernalia that they found on the premises, including a triple beam balance scale, two bottles of a cocaine "cutting agent," and a small bottle containing traces of cocaine, as well as a diary documenting Crist's cocaine supply and an address book with Sowers' name in it. In the district court, Crist moved to suppress this evidence on the ground that the warrant was invalid. The district court denied Crist's motion.
 
 
 5
 At trial, the district court permitted Agent Biales to testify over Crist's objection about certain statements that Crist had made to him concerning the June 6 search. Agent Biales testified that on June 8, Crist called and told him that he wanted to "come in and cooperate" and get something "off his chest." Biales responded that before Crist could talk to him, Biales would have to set up a meeting with the assistant United States attorney to whom the case was assigned. Biales arranged a meeting with the assistant for the next day. At the appointed time, Crist arrived at Agent Biales' office in the federal building in downtown Baltimore, and the two walked across the street to the assistant's office in the federal courthouse. Agent Biales testified that on the way to the office Crist brought up the fact that there had been a search of his residence. When Biales remarked that he had not been present at the search, Crist, without any prodding, stated "they missed it," explaining that he had hidden some cocaine in the ceiling and basement of his residence that had not been found.[1]
 
 II.
 
 6
 Crist's first contention is that the district court should have suppressed the evidence seized from his residence during the June 6 search because the warrant was invalid for failure to establish probable cause. Crist argues that Agent Biales' affidavit was insufficient to support the warrant under the "totality of the circumstances test" announced by the Supreme Court in Illinois v. Gates, 462 U.S. 213 (1983). He claims that the information contained in Agent Biales' affidavit was of dubious origin and reliability, and asserts that the affidavit showed no attempt to corroborate the "scant" allegations of Wilfong, an informant whose credibility never had been tested. He also argues that the information was "stale," since it did not tend to show that cocaine was present at Crist's residence on the date the magistrate issued the warrant, but only that cocaine had been present two days earlier.
 
 
 7
 We reject both of these contentions. We agree with the district court that the "totality of the circumstances" set forth in Agent Biales' affidavit indicates that there was probable cause to issue a search warrant for Crist's residence. See Illinois v. Gates, 462 U.S. 213 (1983). Wilfong told Agent Biales that he had obtained his cocaine from a source in the 400 block of North Streeper Street who had told him that more was available and who had a large supply on hand. Agent Biales tested Wilfong's credibility by assuring that the telephone number Wilfong gave for his source was in fact listed to a North Streeper Street address, and by recording Wilfong's conversation with his associate, Sowers. In our opinion, the magistrate made a "practical, commonsense decision ... given all the circumstances set forth in the affidavit before him...." Gates, 462 U.S. at 238.
 
 
 8
 We also do not think that the warrant was invalid because the magistrate relied upon stale information. In some situations, of course, a warrant may be invalid because the information on which it is based is simply too old to furnish " 'present' probable cause," that is, probable cause to believe that evidence of criminal activity is located on the premises "at the time the search [is] actually conducted." U.S. v. McCall, 740 F.2d 1331, 1336 (4 Cir.1984). In determining whether this is the case, a reviewing court must weigh all the facts and circumstances, including the nature and length of the unlawful activity alleged and the characteristics of the property to be seized. Id. Here, Wilfong stated that he had seen a substantial amount of cocaine at Crist's residence only two days before the search took place. It seems a perfectly reasonable conclusion that at least some cocaine would still be present on the date the agents executed the warrant.[2]
 
 III.
 
 9
 Crist's second contention is that the district court erred in admitting Agent Biales' testimony that Crist told him, as the two men walked to the meeting with the assistant United States attorney, that the agents who had searched Crist's residence had missed cocaine he had hidden there. Crist argues that this testimony is barred by Fed.R.Evid. 410(4), which makes inadmissible against a defendant who participated in "plea discussions" "any statement made in the course of plea discussions with an attorney for the prosecuting authority which do not result in a plea of guilty or which result in a plea of guilty later withdrawn."
 
 
 10
 We do not think that Rule 410(4) bars the admission of Agent Biales' testimony in this case. To be within the scope of the rule, a defendant's statement must be made during a plea negotiation with a government attorney or someone expressly authorized to speak for a government attorney. U.S. v. Porter, 821 F.2d 968, 977 (4 Cir.1987), cert. denied, --- U.S. ---- (1988).[3] In this case, Crist made his statement concerning the hidden cocaine on the way to the assistant's office before plea negotiations had begun, and there is no indication in the record that the assistant had expressly authorized Agent Biales to discuss a possible plea agreement with Crist.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 Crist's version of his meeting with Agent Biales is somewhat different. According to Crist, he met Agent Biales in the federal courthouse itself, not in the federal building across the street. Crist also remembered that Agent Biales told him that nothing he said could be used against him. Crist testified that he did not tell Agent Biales that the agents had missed cocaine he had hidden in his home
 
 
 [2]
 Because we conclude that the warrant was valid, we need not address Crist's contention that this case does not fall within the limits of the "good faith exception" of U.S. v. Leon, 468 U.S. 897 (1984)
 
 
 [3]
 Porter concerned the application of Rule 410(4)'s counterpart in the Federal Rules of Criminal Procedure, Fed.R.Crim.P. 11(e)(6)(D). Rule 11(e)(6)(D) is virtually identical to Rule 410(4), however, and the two may be discussed interchangeably. See U.S. v. Sebetich, 776 F.2d 412, 421 n. 13 (3 Cir.1985), cert. denied, --- U.S. ---- (1988)